UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>       Plaintiff(s),<br><br>v.<br><br>PINNACLE SECURITY CA. LP, PINNACLE SECURITY CA GP, INC.; PINNACLE SECURITY CA INC., PINNACLE SECURITY LLC, and DOES ONE through TEN,<br><br>       Defendant(s). | No. C10-3127 BZ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

    The District Attorney of Contra Costa County, on behalf of the People of the State of California (plaintiff), has filed a lawsuit against several entities of Pinnacle Security (defendant), a business that conducts door-to-door sales of home-security monitoring equipment.[1] Plaintiff alleges two causes of action: (1) unfair competition under California Business and Professions Code §§ 17200 *et seq.* (Section

---

[1] All parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636(c) for all proceedings, including entry of final judgment, other than plaintiffs' request for remand.

1

17200), and (2) false and misleading advertising under California Business and Provisions Code §§ 17500 et seq.

Plaintiff originally filed this suit in Contra Costa County Superior Court, and defendant then removed the action to this Court. Now before me is plaintiff's motion to remand. For the reasons explained below, plaintiff's motion is **GRANTED**.

Defendant contends removal was proper because plaintiff's Section 17200 cause of action arises from violations of federal law, specifically the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., and Regulation Z, 12 C.F.R. §§ 226.1 et seq.[2] The burden is on the defendant to establish that removal was appropriate. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The removal statute is strictly construed against removal, and any doubts are resolved in favor of remand. Id. This is especially true in a lawsuit brought by a public official on behalf of the People of California. Franchise Tax Bd. of State of Cal. v. Construction Laborer's Vacation Trust for Southern California, 463 U.S. 1, 21 footnote 22 (1983); People of the State of California v. H & R Block, Inc., 2006 WL 2669045 at *2 (N.D. Cal. Sept. 18, 2006).

Pursuant to 28 U.S.C. § 1441(b), a party may remove an action that involves a federal question over which the

---

[2] Defendant originally removed this lawsuit based on both diversity of citizenship and federal question jurisdiction. But defendant has now withdrawn diversity of citizenship as a basis for federal jurisdiction, and, for this reason, I do not consider it. See Declaration of Wixson in Support of Plaintiff's Motion to Remand.

2

1  district court could have exercised original jurisdiction
2  under 28 U.S.C. § 1331. If the determination of a state law
3  claim necessarily turns upon consideration of a disputed and
4  substantial question of federal law, then removal is
5  warranted. Grable & Sons Metal Prod., Inc. v. Darue
6  Engineering & Mfg., 545 U.S. 308, 313 (2005).

7  Essentially, defendant argues that plaintiff can only
8  establish that defendant's conduct was unlawful by proving a
9  violation of TILA and Regulation Z. Defendant is mistaken for
10 several reasons. Initially, plaintiff does not allege a
11 violation of these federal laws. Instead, plaintiff alleges
12 that defendant has violated a number of state laws, including
13 Civil Code § 1803.3. That section requires that specified
14 contracts contain a variety of information including, in
15 subsection (b), the disclosures required by Regulation Z or a
16 statement that Regulation Z does not apply to the contract.
17 If defendant is found to have omitted the required information
18 in its contracts, it will have violated § 1803.3. The fact
19 that it might also have violated TILA or Regulation Z does not
20 mean that the determination of the state claim "necessarily
21 turns" upon a resolution of a substantial and disputed issue
22 of federal law. Numerous courts have remanded complaints
23 alleging violations of state law in which one of the claims
24 was whether the defendant had acted in conformity with TILA or
25 some other federal law. See e.g. Coleman v. Beazer Homes
26 Corp., 2008 WL 1848653 (W.D.N.C. April 23, 2008) and cases
27 cited therein.

28 Furthermore, "when a claim can be supported by

3

1  alternative and independent theories, one of which is a state
2  law theory and one of which is a federal law theory - federal
3  question jurisdiction does not attach because federal law is
4  not a necessary element of the claim." Rains v. Criterion
5  Sys. Inc., 80 F.3d 339, 346 (9th Cir. 1996).  Here, plaintiff
6  has alleged that defendant violated a number of state laws
7  only one of which partially references any federal law.
8  Plaintiff specifically alleges violations of the following
9  California statutes which do not mention any federal law: (1)
10 Civil Code § 1671(d) (outlawing the use of liquidated damage
11 provisions in contracts with consumers), (2) Civil Code §
12 1803.2 (rules for retail installment contracts), and (3) Civil
13 Code §§ 1632(b)(1) and 1689.7(a)(1) (outlawing the use of
14 contracts in English when a sale is made in Spanish).  These
15 alleged state law violations, which defendant's opposition
16 does not address, refute defendant's argument, based on
17 National Credit Reporting v. Experian Information Solutions,
18 Inc., 2004 WL 1888769 (N.D. Cal. July 21, 2004), that
19 plaintiff can only establish the unlawful prong of Section
20 17200 through the use of TILA and Regulation Z.[3]  Because
21 plaintiff is able to show defendant acted unlawfully based on

---

[3] Moreover, even if I assume defendant's interpretation of National Credit Reporting is correct, that case does not help defendant. In National Credit Reporting, plaintiff alleged a violation of "state and federal antitrust laws." 2004 WL 1888769 at *3.  Here, only violations of state law are alleged.  Other cases cited by defendant do not apply to plaintiff's action for similar reasons.  For instance, in California ex. rel. Lockyer v. Dynegy, Inc., removal was only upheld because the Section 17200 claim was based on the Federal Power Act.  375 F.3d 831, 843 (9th Cir. 2004).  Here, plaintiff alleges multiple state law violations that have no relation to federal law.

4

1 these state law provisions and without any references to
2 federal law, remand is appropriate. See <u>Davis v. Weger Mort.</u>
3 <u>Corp.</u>, 2010 WL 2594278 at *1 (C.D. Cal. June 22, 2010)
4 (remanding plaintiff's Section 17200 claim because other state
5 law was alleged to be violated in addition to TILA); <u>Briggs v.</u>
6 <u>First National Lending Services</u>, 2010 WL 962955 at *3 (N.D.
7 Cal. Mar. 16, 2010) (same).

8     Defendant has the burden to show that remand is improper.
9 Based on the above, defendant has not met this burden.  **IT IS**
10 **ORDERED** that the People's motion for remand is **GRANTED**.  The
11 Clerk shall transfer the file to the Contra Costa County
12 Superior Court.
13 Dated: September 29, 2010

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\STATE OF CA V. PINNACLE SEC\ORDER DENYING MOTION TO REMAND (VERSION 4).BZ VERSION.FINAL RULINGwpd.wpd

5